

**Signed and Filed: October 15, 2010**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 09-32424 TEC |
| CAROLINE BROWN, | ) Chapter 7 |
|               Debtor. | ) |
| SUMI LIM, | ) Adv. Proc. No. 09-3201 TC |
|              Plaintiff, | ) |
|   vs. | ) |
| CAROLINE BROWN, | ) |
|              Defendant. | ) |

**MEMORANDUM RE DEFENDANT'S RULE 12(b)(6)
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

On May 21, 2010, the court held a hearing on Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (the Motion). Plaintiff appeared <u>in pro per</u>. Wayne A. Silver appeared on behalf of Defendant. Upon due consideration, and for the reasons stated herein, the court determines that the amended complaint fails to state a claim upon which relief can be granted, and that the amended complaint should be dismissed without leave to

-1-

amend, because Plaintiff has not alleged in either complaint that Debtor committed fraud.

On November 16, 2009, pursuant to section 523(a)(2), Plaintiff filed a complaint seeking to render nondischargeable in Debtor's bankruptcy case a loan made by Plaintiff to invest in a luxury apartment complex in Arizona. The complaint alleged that Plaintiff invested an unspecified sum in the Arizona property, because Debtor's husband Terry Brown, who is not a debtor in bankruptcy, was an experienced and successful real estate developer.

On January 29, 2010, the court granted Debtor's motion to dismiss the complaint, on the grounds that Plaintiff had failed to allege: (1) to whom Plaintiff loaned the money and the amount of the loan; (2) what specific representations Debtor made to Plaintiff and when they were made; (3) whether those representations were false when made; (4) whether Debtor intended to deceive Plaintiff in making the representations; (5) whether Plaintiff justifiably relief on Debtor's statement or conduct; and (6) whether Plaintiff's damage was proximately caused by her reliance of Debtor's statements or conduct.

The order granting the motion to dismiss incorporated the parties' stipulation that Plaintiff could bring a state-court action to enforce the guaranty against Terry Brown.

On March 5, 2010, Plaintiff filed an amended complaint. Like the original complaint, the amended complaint alleges a single claim under section 523(a)(2)(A). The amended complaint alleges the amount of money Plaintiff loaned ($50,000), the date on which it was loaned (March 22, 2006), and the payee (Real Estate Trust Account). The amended complaint alleges that the loan was

guaranteed by Debtor and by Terry Brown. The amended complaint alleges that Plaintiff loaned the money after attending several presentations by *Terry Brown*, who held himself out to be an experienced and successful real estate developer. The amended complaint does not allege any representations made by *Debtor* to Plaintiff, or any of the other elements material to a section 523(a)(2)(A) claim, such as when the misrepresentations were made, whether they were false when made, whether Debtor intended to deceive Plaintiff in making the representations, whether Plaintiff justifiably relied on Debtor's statement or conduct, and whether Plaintiff's damage was the proximately caused by her reliance on Debtor's statements or conduct. Nor does the amended complaint allege that Debtor a partner in her husband's alleged fraud. Thus, the amended complaint does not state a claim under section 523(a)(2). Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1246 (9th Cir. 2001); In re Tsurukawa, 287 B.R. 515 (9th Cir. BAP 2002); see McClellan v. Cantrell, 217 F.3d 890 (7th Cir. 2000).

Because neither the complaint nor the first amended complaint allege any fraud by Debtor or active participation by Debtor in a fraudulent scheme with her husband, it is appropriate to dismiss the amended complaint with prejudice. See Allen v. City of Beverly Hills, 911 F.2d 367, 373-74 (9th Cir. 1990) (court has broad discretion to deny leave to amend when plaintiff has previously amended its complaint).

**\*\*END OF MEMORANDUM\*\***

**Court Service List**

Sumi Lim
1815 Spruce St, #203
Berkeley, CA 94709