

**Signed and Filed: June 30, 2011**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 09-32424 TEC |
| CAROLINE BROWN, | Chapter 7 |
|                Debtor. | |
| SUMI LIM, | |
|                Plaintiff, | Adv. Proc. No. 09-3201 TC |
| vs. | |
| CAROLINE BROWN, | |
|                Defendant. | |

**MEMORANDUM RE PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE**

Upon due consideration, and for the reasons stated below, the court denies Plaintiff Sumi Lim's motion to alter or amend the court's October 18, 2010[1] order granting Defendant Caroline Brown's Rule 12(b)(6) motion to dismiss Lim's amended complaint with prejudice. This memorandum shall constitute the court's findings of fact and conclusions of law.

FACTS

On August 19, 2009, Caroline Brown (Debtor) filed a chapter 7 bankruptcy case. Debtor's husband, Terry Brown (Terry), a real estate developer and real estate agent, did not file for

---

[1] The order was signed on October 15, 2010 and entered on October 18, 2010.

-1-

bankruptcy relief. November 16, 2009 was the deadline to file a complaint objecting to discharge or a nondischargeability action.

1. The Original Complaint

On November 16, 2009, Sumi Lim (Lim) filed a four-page complaint under section 523(a)(2), seeking to render nondischargeable an unspecified sum of money Lim lent to an unspecified borrower in connection with an Arizona luxury condominium development project known as Sonterra. The complaint alleges that: (1) the money Lim lent was not used for Sonterra; (2) *Terry* used the proceeds of the Lim loan for his own benefit; (3) on December 23, 2005, Debtor and Terry co-signed a repayment guaranty of the money Lim lent; (4) Debtor and her husband never intended to honor the guaranty; (5) Debtor and Terry transferred substantial assets to related entities and hid those assets; and (6) "Plaintiff is NOT filing a complaint objecting to Discharge of Debtor. Plaintiff IS Objecting to Possible Dischargeability of this Single Debt." (emphasis in original).

On January 28, 2010, the court issued a tentative ruling, stating the court was inclined to grant Debtor's Rule 12(b)(6) motion to dismiss the complaint, because it failed to allege the basic elements of a section 523(a)(2) claim, including: to whom Lim loaned the money; the amount of the loan; the specific representations Debtor made to Lim and when they were made; whether Debtor intended to deceive Lim in making the misrepresentations; whether Lim justifiably relied on Debtor's statements or conduct; and whether Lim's damages was proximately caused by her reliance on Debtor's statements or conduct.

After a hearing on January 29, 2010, the court entered an order adopting the tentative ruling and granting Plaintiff until March 5, 2010 to file an amended complaint. The order provides that, without violating the automatic stay, Lim may file a state-court action against Terry regarding the loan specified in the complaint.

2. The Amended Complaint

On March 5, 2010, Plaintiff filed a 17-page amended complaint and 139 pages of attachments. The amended complaint alleges many facts unrelated to her 523(a)(2) claim. In a vague manner, the amended complaint alleges that Debtor and Terry solicited loans from investors for commercial development projects by issuing a personal guaranty they had no intention of

honoring, and that the money invested in the development projects was instead transferred to companies owned by Debtor and Terry and used for the personal benefit of Debtor and Terry. The allegations specific to Lim's sole section 523(a)(2) claim against Debtor are as follows:[2]

- on December 23, 2005, Debtor and Terry co-signed a payment guaranty (the Guaranty), that was included in an investment offering packet prepared for potential investors in Sonterra (the Offering) (pp.10:16; 11:20-24);

- at an informational meeting re Sonterra held on March 18, 2006, Debtor did not make a presentation, and waved hello to Lim on Debtor's way to one of her offices (p. 7: 27-28);

- Lim, Debtor, and Terry met at a pub following the informational meeting, and potential investors were invited to talk with Terry regarding his commercial development experience (p. 8:1-14);

- Debtor joined the table, and was "articulate and inspired confidence and trust by her knowledge" (p. 8: 19-20);

- Debtor and Terry "both emphasized that they guaranteed the safety of their investors' money by being well insured and they were willing to be generous with interest, which they could do because [Terry] is a real estate developer as well as a real estate agent." (p. 8: 24-26);

- after the informational meeting Lim received a copy of the Offering from George Antone, who taught wealth building classes. The Offering included, *inter alia*, the Guaranty and biographies of Debtor and Terry (pp. 8:10-13; 9:13-25; 10: 4-16);

- on the basis of the December 23, 2005 Guaranty, on March 22, 2006, Lim loaned $50,000 (the Loan) to Sonterra Condominiums LP. The check was payable to "Real Estate Trust Account c/o William A. Cheek, Jr." (p. 11: 14-19);

- at the time of the Loan, Lim had no way of knowing that Debtor and Terry were creating multiple shell entities through which the Loan and other investor monies would disappear (p. 12:15-24);

- Lim did not have access to information that would have put her on notice as to the falsity of the Guaranty (p. 15:23-25);

- Lim "believed the Guaranty was written by [Debtor] and [Terry] to make known their commitment to repay the loan. So Plaintiff greatly relied on Debtor." (p. 15:27-28);

- Lim was damaged in the sum of $50,000, plus interest (p. 16:20-24).

The attachments to the amended complaint include in pertinent part a copy of the Guaranty that Debtor and Terry co-signed. The Guaranty names Debtor and Terry as jointly and severally liable guarantors, and is in favor of "those persons and entities identified on Schedule 1 hereto (collectively, the Holder)" (Exh. D, p.2). Schedule 1 to the Guaranty is not attached to the filed copy

---

[2] The facts in the amended complaint are not alleged in chronological order.

-3-

of the Guaranty; however, the Guaranty specifies William A. Cheek as the Holder. (Id., p.4, ¶ 9). The Guaranty provides that it is binding on Debtor and Terry and shall inure to the benefit of and be enforceable by the Holder, its successors, endorsees and assigns.

3. Hearing on Motion to Dismiss the Amended Complaint

On May 21, 2010, after a hearing on Debtor's Rule 12(b)(6) motion to dismiss the amended complaint, the court took the matter under submission.

On October 18, 2010, the court entered a memorandum and order dismissing the amended complaint without leave to amend, on the basis that it does not allege with specificity any representations made by *Debtor* to Lim, or that Debtor was a partner in her husband's alleged fraud.

4. The Motion to Alter or Amend

On October 25, 2010, Lim filed a "Motion to Request Court to Reopen, Alter and Rescind the Court's Order to Dismiss First Amended Complaint" and a memorandum in support thereof. Lim argues that the court erred in dismissing the amended complaint, because it alleged: (1) that Lim made a loan of $50,000 to Sonterra; (2) that Debtor and Terry via the Guaranty promised to guarantee the loan by Lim; (2) that the representations were false when made; (3) that Lim justifiably relied on the representations made in the Guaranty; and (4) that Lim was damaged by Debtor's false representations. Lim cites In re McClellan, 217 F.3d 890 (7th Cir. 1990) for the proposition that section 523(a)(2) fraud does not require a specific misrepresentation, but rather is much broader and encompasses "any deceit, artifice, trick, or design involving direct and active operation of the mind used to circumvent and cheat another." Lim asserts that Debtor and Terry were engaged in a fraudulent scheme of issuing loan guarantees to numerous bank and individual investors that Debtor and Terry never intended to honor, that on the basis of the guarantees Debtor and Terry obtained millions of dollars of investments, and that Debtor and Terry absconded with the invested money by transferring it to multiple businesses they owned in various jurisdictions. Lim did not set for hearing the motion to alter or amend.

On February 25, 2011, Lim filed a 16-page supplement to the motion to alter or amend. The supplement concerns Debtor's alleged failure to file accurate schedules, and the alleged failure of Debtor's counsel to produce business records of 85 entities in which Debtor allegedly owns an

-4-

interest. The supplement also asserts that Debtor was an active partner with Terry in setting up illegal entities in which she served in positions of treasurer, secretary, and director. Lim did not set a hearing on the supplement to her motion.

LAW

Reconsideration and amendment of an order is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources . . . [and] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

In dismissing the amended complaint with prejudice, the court did not commit clear error.[3] Accepting the facts alleged in the amended complaint and the incorporated exhibits (collectively, the Amended Complaint) as true, the facts establish: (1) that Debtor made no specific representation other than the Guaranty; (2) that the Guaranty was executed on December 23, 2005 and named as the beneficiary William Cheek and Mr. Cheek's successor, endorsee, or assign; and (3) that Lim obtained the Guaranty in an offering packet provided to her by Mr. Antone. The Amended Complaint does not allege that Lim is Mr. Cheek's successor, endorsee, or assign. These facts do not support a section 523(a)(2) claim, because they do not establish that Debtor made any misrepresentation *to Lim*.

The Amended Complaint vaguely alleges that Debtor was part of a scheme with her husband to hide assets from the reach of creditors. Such facts, if true, lack the particularity required to allege fraud under section 523(a)(2)(A). Fed. R. Civ. Proc. 9(b)[4]; cf. Rooz v. Kimmel (In re Kimmel), 2006 WL 6810976 at 7-9 (9th Cir. BAP 2006) (distinguishing and declining to adopt McClellan v. Cantrell, 217 F.3d 890 (7th Cir. 2000)).

**\*\*END OF MEMORANDUM\*\***

---

[3] Debtor does not assert that she has newly discovered evidence or that there was an intervening change in the controlling law.

[4] Fed. R. Civ. Proc. 9(b) is incorporated by reference via Fed. R. Bankr. Proc. 7009.

-5-

**Court Service List**

Sumi Lim
1815 Spruce St, #203
Berkeley, CA 94709